# ANONYMOUS.

*Supreme Court, First District; General Term, Nov.,* 1863.

CREDITOR'S ACTION.—CREDITORS COMING IN AS PARTIES.—APPLICATION FOR JUDGMENT.—APPEAL.

Where a creditor's action is brought by a plaintiff in his own behalf, and in behalf of such other creditors as may come in before the final decree, and contribute to the expenses of the action; and, after the usual notice for that purpose, other creditors have appeared before the referee, upon the accounting, and proved their debts, and excepted to the referee's report,—such other creditors (whether they are deemed to be actually parties or not, without an order of court declaring them such) are entitled to notice of an application for judgment upon the report of the referee.

If the attorney for the original plaintiff, enters judgment upon an order obtained on the consent of the defendant, and without notice to the objecting creditors, and without any opportunity to them to be heard on their exceptions, the court will on motion set aside the judgment.

Such objecting creditors, if their motion to set aside the judgment is denied, may sustain an appeal from the order denying it.

Appeal from an order denying a motion to set aside a judgment.

The facts are stated in the opinions.

————, for the appellants.

————, for the respondents.—I. The appellants have never been made parties to this suit, but have come in under our proceedings,—his appearing in this case is objected to on that ground. 1. Parties having an interest in the subject-matter of the suit, must either be made parties to the suit, or the bill must be so framed as to give them an opportunity to come in and be made parties. (See *Abbotts' Dig.*, 4th vol., 340, § 175, 4 ed. 228.) 2. A creditor seeking to set aside an assignment made for the benefit of all the creditors, need not make all the creditors parties. (4 *Abbotts' Dig.*, 272, § 546; 20 *Barb.*, 378, and cases cited; *Code*, §§ 119, 122; 11 *Barb.*, 516.) 3. A

stranger to a suit cannot interfere with the proceedings without making himself a party to the suit by a supplemental bill. (4 *Abbotts' Dig.*, 243, § 213 ; 11 *Paige*, 147, 470 ; 2 *Den.*, 595 ; Matter of Bristol, 16 *Abbotts' Pr.*, 194, 397.) 4. A creditor suing an executor, and requiring an accounting, must bring the suit for the benefit of all the creditors, or make them parties. (4 *Abbotts' Dig.*, 273, § 566 ; 5 *Land*, 380 ; 6 *Duer*, 691 ; 3 *Abbotts' Pr.*, 332 ; 14 *Barb.*, 526 ; 22 *Ib.*, 597.)

II. These parties cannot now be made parties, because a final judgment intervenes, since an application must be made before final judgment. (22 *Barb.*, 597 : 4 *Abbotts' Dig.*, 279, § 626.)

SUTHERLAND, P. J.—This action was brought for an account and distribution of the proceeds of the property and effects of the defendants C. W. and H. C. E., assigned to the defendant W. E., for the benefit of their creditors.

The action was brought by the plaintiff as a creditor, in his own behalf, and in behalf of such other creditors as should come in before the final decree, and contribute to the expense of the action.

By the interlocutory order or decree in the action, it was ordered and adjudged that the defendant W. E., the assignee, account to the court for all the property assigned to him ; and a referee was thereby appointed to take and state the accounts of the assignee, and of the debts of the creditors who should come in and prove their debts, and contribute to the expense of the action ; and provision was thereby made for notice being given to the creditors, that they might prove their debts or claims before the referee.

Among other creditors who appeared before the referee and proved their claims, W. W., and certain other creditors, so appeared and proved their claims, and by their counsel contested the correctness of the assignee's account and charges in certain particulars ; claiming that he should be charged with certain sums of money with which he was not charged ; and that certain charges for certain sums of money claimed to have been paid by him, should not be allowed ; all of which objections to the account of the assignee were overruled by the referee.

The report of the referee was filed, and judgment final confirming it, was entered by order of a justice of this court, on

consent of the attorney for the defendants, and without any notice to the objecting creditors, their attorneys or counsel, of the filing of the report of the referee ; and without any opportunity being given to such objecting creditors to be heard on their exceptions to the ruling and report of the referee; which exceptions, it seems, were actually filed.

A motion was made by such objecting creditors, at special term, that the final judgment so entered on the consent of the defendant's attorney, and without notice to such objecting creditors, be set aside for irregularity.

This motion was denied; and from the order denying the motion, the objecting creditors have appealed.

The question presented by the appeal is, did the appellants by appearing before the referee, and proving their debts, and contesting the assignee's account, become parties to the action, so as to be entitled to notice of the filing of the report of the referee, and to a hearing on their exceptions to the report, under Rule 32 of the court; and so as to have a right to appeal under section 325 of the Code, which says, " any *party* aggrieved may appeal," &c. I think they did; and it is plain, that to hold otherwise, would afford the greatest facility for fraudulent collusion in such cases, between a friendly creditor with, perhaps, a very small debt, and the assignee, and a tempting opportunity for their attorneys and referee, if the fund was not large, to take and divide the most, if not the whole of it, among themselves, for costs, disbursements, allowances, and fees, without notice, inquiry, or objection.

By the interlocutory decree, the liability of the assignee to account, became fixed, and the fund in his hands ·became a fund in court for distribution by the court, among the creditors who should come in under that decree and prove their claims. In Hare *a*. Rose (2 *Ves.*, 558), the Lord Chancellor, in stating, when in such a case, there is no occasion to give notice to the creditors coming in before the Master, directly affirms, by way of exception, that such creditors should have notice of any proceeding in the cause between the plaintiff and defendants, which affects such creditors, and concerns their rights and demands.

The same doctrine is stated in 1 Barb. Ch., 479; citing 2 Danl. Ch. Pr., 804.

In the "Matter of the City Bank of Buffalo" (10 *Paige*, 382), the chancellor says, "that in an ordinary creditor's suit, against executors or others, who are trustees of a fund upon which several distinct creditors have claims for the payment of their debts rateably, creditors who are not nominally parties to the suit, may make themselves such parties in fact, by coming in and presenting their claims to the master under the decree, and by submitting themselves to the jurisdiction of the court, for the settlement and adjustment of their claims upon the fund, as directed by the decree or order under which such claims are presented. A creditor who comes in and makes his claim under such decree is *quasi* a party to the suit, and is entitled to the benefit of the decree as such party." Again, on p. 383, he says, "Under such a decree for the benefit of creditors generally, therefore, all the creditors who may wish to come in under the same, and avail themselves of its provisions, are for every substantial purpose considered as parties. And if the nominal complainant neglects to proceed with due diligence under the decree, a creditor who is entitled to come in and prove his debt before the master, will have leave to prosecute the suit."

Certainly, there is no necessity for an argument to show that the objecting creditors in the principal case, who have appealed from the order of the special term, had interests which were affected by the confirmation of the report of the referee, and the entry of final judgment thereon, without notice to them, and without any opportunity of being heard on their exceptions.

My conclusion is, that the order appealed from should be reversed, with costs; and that the judgment final so entered on the report of the referee should, as to the appellants, be set aside for irregularity.

LEONARD, J.—I am not willing to concur in upholding the regularity of a practice which declares that it is unnecessary for creditors in the situation of these appellants, to cause themselves to be brought into the action by an order of the court, that they shall be deemed parties. Therefore, I do not concur in the foregoing opinion. There seems to be very little direct authority as to the proper practice by which such creditors are to come in and accept the terms offered by the plaintiff in the

complaint, wherein he says it is brought in behalf of himself and all others, &c., &c., who come in and contribute, &c., &c.

Perhaps, when the creditors have taken action in proving their claims before the referee, after notice to the attorneys for the actual parties of record, they should be deemed *quasi* parties. (Vide, 2 *Danl. Ch.*, 1410.)

The practice adopted in this case was very unfair, and I am willing to concur in reversing the order of the special term, and in directing that the judgment be vacated, and that the exceptions of the appellants be heard at special term; and that the appellants be deemed parties to the action, and entitled to come in, &c., &c., without costs of the motion on appeal, as both are in fault.

BARNARD, J.—I concur in the result.