Smith *v.* Van Kuren.

———

SMITH and others *vs.* VAN KUREN and others.

Where a petition was presented to a surrogate, by persons interested in the estate of a decedent, praying that the executors might be required to render an account of the administration of such estate, without asking for a *settlement* of the account, or for the payment of any balance which might be found due to the petitioners, or for any other relief, and the executors rendered an account accordingly, and the same was finally closed before the surrogate; *Held*, that this terminated the proceedings before the surrogate; and that he had no authority to proceed and *settle* the account, unless the executors asked for a final settlement thereof, or some person interested in the estate, applied for the payment of his debt, or legacy,

or distributive share, so as to render a settlement of the estate necessary, as between the parties.

A decree of a surrogate which, upon its face, purports to be a final settlement of the accounts of executors, and which discharges them from all further responsibility on account of the personal estate of their testator, upon payment of the several sums specified therein, may be appealed from at any time within three months.

Where a decree, by a surrogate, for the final settlement of the account of an executor, is erroneous, because the surrogate had no authority to make it, that fact affords a good ground for reversing the decree; but not for restricting the right of appeal, to a shorter time than would have been allowed if the decree had not been erroneous upon the ground that it was unauthorized.

THIS was an application, on the part of the respondents, to dismiss an appeal from a decree of the surrogate of the county of Ulster, upon the ground that the appeal was not entered in time. The order appealed from was dated the 20th of January, 1846, and purported to be an order for a final settlement, and for the discharge of the respondents as executrix and executor, upon the payment of the sums specified in the decree. But the affidavits on the part of the respondents showed that the decree was not yet actually entered, as late as the 10th of March, 1846, nor did it appear when it really was entered.

*M. T. Reynolds*, for the appellants.

*A. Taber*, for the respondents.

THE CHANCELLOR. The transcript in this cause was not filed until after the notice of the motion to dismiss the appeal. And if the respondents had placed their application upon that ground alone, and not upon the supposed irregularity of the appeal itself, they would have been entitled to the costs of the motion; although the court in the exercise of its discretion, might have refused to dismiss the appeal.

So far as I can form an opinion, from the papers before me, this must be considered as an appeal from a decree for the final settlement of the accounts of the respondents, as the executor and executrix of I. De Witt, deceased. It is true, the affidavits on the part of the respondents, as well as the certificate of the

surrogate, show that no regular proceedings were ever instituted for the *final* settlement of such accounts. And from the return I infer, too, that no regular proceedings were instituted for the settlement of their accounts in any way. The petition presented to the former surrogate, on the part of the appellants, was merely that the respondents might be required to *render* an account of the administration of the estate; but it did not ask for a *settlement* of the account, or for the payment of any balance which might be found due to the petitioners, or for any other relief whatever. And the decree appealed from states that such account was finally closed before the former surrogate, about the 28th of November, 1844. That, according to the decision of this court in *Westervelt* v. *Gregg*, (1 *Barb. Ch. Rep.* 470,) terminated the proceedings before the surrogate. And he had no authority or jurisdiction to proceed and *settle* the account, unless the respondents asked for a final settlement of their accounts, or some person, interested in the estate, applied for the payment of his debt or legacy, or distributive share; so as to render a settlement of the estate necessary, as between the parties, to enable the surrogate to grant the relief prayed for. No such application appears to have been made in this case, by either of the parties.

The present surrogate, however, as I infer from the papers, upon his own motion, and without any application by the respondents for the final settlement of their accounts, did make an order, in August, 1845, entitled "*In the matter of the accounting for and final settlement of the estate of Isaac De Witt deceased*," and reciting that proceedings had been had for the *final* settlement of the accounts of the respondents, as the surviving executor and executrix of the will of the decedent; by which order their accounts, and the vouchers in support of them, with the proofs and admissions of the parties, were referred to an auditor to examine and report thereon. And upon the coming in of the report of the auditor, the decree appealed from was made; which is also entitled in the same manner. And it is in fact a decree which purports to be a final settlement of the accounts of the respondents, and discharges

them from all further responsibility on account of the personal estate of the decedent, upon payment of the several sums, and to the persons, specified in that decree. The question, therefore, is not whether the decree was irregular, and wholly unauthorized, because the surrogate had no jurisdiction to make it; but whether it purports to be a decree for the final settlement of the accounts of the respondents. For, if it is in fact such a decree, the appellants had three months from the time it was recorded to appeal from it. And if the decree was erroneous because it was unauthorized, that would afford good grounds for reversing it; but not for restricting the right of appeal to a shorter time than would have been allowed if the decree had not been erroneous, upon the ground that it was wholly unauthorized.

Again; if this was a decree which the appellants were bound to appeal from within thirty days after it was made, there is nothing in the papers before me to show that the appeal was not brought within thirty days after the decree was drawn up and entered in the records of the surrogate. And the decree must be considered as made at that time, and not when the surrogate came to the conclusion as to what the decree should be. Here there is evidence that as late as about the tenth of March, 1846, the decree had not been entered. And there is nothing to show that it was not in fact entered within thirty days previous to the perfecting of the appeal.

The motion to dismiss the appeal is therefore denied; and neither party is to have costs as against the other upon this application.