New York County. — HON. D. C. CALVIN, Surrogate.— November, 1878.

## MATTER OF DOUGLASS.

*In the matter of the estate of* ALFRED DOUGLASS, *Junior.*

Under the provisions of the Laws of 1870, ch. 359 § 6, the Surrogate of New York County upon a petition by a creditor to compel an executor to account, may appoint a referee not only to procure a mere accounting by the executor, but to ascertain the correctness of the account and for that purpose to take testimony to contradict that of the executor, and to falsify or surcharge the account.

*It seems* that under §§ 52, 53, 54, of 2 R. S., 92, 93, any Surrogate has jurisdiction not only to appoint an auditor, upon the application of a creditor, to obtain an accounting by an executor, but also to take testimony to ascertain the accuracy of the account.

THIS was a proceeding on a petition of a creditor of the estate for an accounting by the executors. An account was filed, objections were interposed, and a reference of such account was moved by contestant,

and on submitting the order of reference it was objected: 1st, that as the petition asked no relief except the accounting, there was no authority to appoint a referee, under the authority of Westervelt v. Gregg, (1 *Barb. Ch.*, 469), and Campbell v. Bruen, (1 *Bradf.*, 224); and 2d, it was also argued that if a reference could be made under 6th section of chapter 359 of the Laws of 1870, it could only be for the purpose of examining the account of the executors.

THE SURROGATE. — I have had occasion to say that the accounting contemplated by section 63 of 3 R. S., [6 ed.] 99, (2 *R. S.*, 92, § 52), was of very little practical utility if it only authorized the examination of an executor or administrator thus accounting under section 67 of the same statute.

The object of such an accounting is not only to procure an account, but to ascertain whether the account is correct, and in many instances it would be a futile effort, if only the examination of the executor or administrator were to be had, and their testimony could not be contradicted, or the account falsified or surcharged.. Indeed it would be little more than an idle ceremony, and serve no practical end, and I entertain no doubt that the cases above cited are based upon an entirely mistaken notion of the object of the statute referred to, and from the intimation of Earl, J. in Buchan v. Rintoul (70 *N. Y.*, 1), I have no doubt that that court when the question shall be squarely presented, will dissent from the authority of those cases. The court says, "If it were an original question I would be inclined to hold that in a proceeding under section 52 (63 *above*) the person who applied

for the order could appear and contest the account, and that as between him and the executor the account could be settled, and that the Surrogate could under section 54 (2 *R. S.*, 92), or independently of that section, appoint an auditor to examine the account." For the purpose of determining the questions presented however, it is only necessary to consider the effect of the 6th section of the act of 1870 (*above*), for that provides that in any accounting of the said Surrogate's Court, or in any proceeding therein, the Surrogate may appoint a referee to take testimony as to the facts in relation thereto, to examine the accounts rendered, to hear and determine all disputed claims, and other matters relating to said accounts, and to report subject to confirmation.

It is quite clear that the accounting in this matter, is to the Surrogate of this county, that he may appoint a referee to take testimony in respect to such accounting, and obviously for and against, to examine the accounts and ·hear and determine all disputed claims, and other matters, an authority quite as ample as that of an auditor under the Revised Statutes on final accounting.

I am therefore of the opinion that this section authorizes the appointment of a referee with full powers, and that the mere rendering of an account to the Surrogate enables him to make such reference, to confirm the report of the referee, and settle the account as between the parties before the court.

Ordered accordingly.