MARGARET C. REMINGTON, APPELLANT, *v.* JAMES W. WALKER AND MALCOLM McPHERSON, RESPONDENTS, IMPLEADED, ETC.

*Pendency of another action—how it must be pleaded—the rendering and the settlement of an executor's account are separate proceedings.*

The defense of the pendency of another action must be taken by answer or demurrer ; if not so taken it will be deemed to have been waived.

Where the answer sets up as a defense a final settlement and adjustment of the plaintiff's claims in a proceeding had in another court, proof of a proceeding then pending in that court is inadmissible.

The rendering of an account to a surrogate by an executor or administrator and the settlement of the account, after it has been rendered, are separate and distinct proceedings.

APPEAL from a judgment entered on the report of a referee, dismissing the complaint on the ground that the pendency of certain

proceedings before the surrogate of the county of Genesee, compelled an abatement of the action.

*J. M. Dunning*, for the appellant.

*J. H. Martindale*, for the respondent Walker.

*R. Ballard*, for the respondent McPherson.

SMITH, J.:

The plaintiff is a legatee under the will of Daniel J. McPherson who died in Le Roy, Genesee county, in the year 1857. At that time the plaintiff was about two years of age. The bequest to her was of the sum of $2,500 to be invested by the executors, and such portion of the income as they should deem proper, to be expended by them, in her maintenance and education, and on her becoming twenty-one years of age, the principal and the accumulated interest unexpended for the uses aforesaid, to be paid to her. The executors were Peter J. McPherson and the defendants Walker and Malcolm McPherson. Peter J. McPherson died in November, 1873, leaving a will, and his executors are made defendants in this action. The complaint alleges that Daniel J. McPherson left an estate sufficient to pay all the specific legacies created by his will, and to pay the residuary legatees several thousand dollars: that nothing was paid upon the plaintiff's legacy until the year 1861, and only about $1,000 down to the year 1876. It further alleges that the executors failed to perform the said trust, and did not set apart the sum bequeathed to the plaintiff and invest the same, but mingled it with the funds of the estate and with their own, and did not collect the annual interest from the amount of her legacy, or account for the same; that they had at all times sufficient assets to pay the plaintiff's legacy in full, after paying debts, expenses of administration and all other legacies given by the said will, and that they could have invested the said legacy as directed by the will advantageously, and in such a way that it would have yielded an annual income equal to the legal interest thereon. The complaint prayed for an account and final settlement, and the payment of the plaintiff's legacy, with compound interest, and for gen-

eral relief.   The residuary legatee, Elizabeth Campbell, is made a defendant.   The defendants, Walker and Malcolm McPherson, answered separately.

It appeared at the trial that, among the assets of the testator, was a bond made by the defendant Malcolm McPherson in 1857, for $2,500, accompanied by his mortgage on real estate of sufficient value to secure the payment of the bond, and that after the death of the testator the said bond and mortgage were in the manual custody and possession of Walker as executor.   On August 29, 1876, Walker, as executor, assigned the said bond and mortgage to the plaintiff, with a proviso that any sum realized thereon above the sum of $6,913.14, with interest from the date of the assignment, should be paid to the residuary legatee.   The sum of $6,913.14 is the amount of the principal of the said mortgage then unpaid, with compound interest. The plaintiff foreclosed the said mortgage by action, claiming as due thereon a sum which included compound interest, but the judgment limited her to the principal and simple interest only.   The decision upon which the said judgment was entered was rendered before the commencement of this action.   After this suit was begun, and on January 21, 1859, the plaintiff received the amount of the judgment in the foreclosure suit, with interest to that date, being the sum of $5,440.85, besides costs.

The material facts relating to the proceedings before the surrogate are briefly these.   The plaintiff became of age in March, 1876. In April of that year Walker presented to the surrogate his account as executor, and his petition stating that Peter McPherson was dead ; that Malcolm McPherson neglected to join in the accounting, and that the account was presented for final settlement and allowance, and praying, among other things, for a citation to Malcolm Mc-Pherson to attend the final settlement of the said account.   It does not appear that a citation was issued upon the said petition.   On July 5, 1876, a petition signed and verified by the plaintiff was presented to the surrogate, which averred, among other things, the death of Peter McPherson ; that Walker had made an account of his acts and doings as executor, and was ready and desirous of having a final settlement of the said account ; that Malcolm McPherson, though requested so to do, neglected to make and file his account for a final

or other settlement, and neglected to pay the petitioner the money due her under the will, although there was property in his hands so to do; and praying for a citation directed to the said Malcolm McPherson, "and if necessary to the said James W. Walker," ordering the executor or executors to make and render their account as such executors as aforesaid, and pay over the money due from them to the petitioner.

On July 10, 1876, the surrogate issued a citation, directed to McPherson and Walker, as executors, requiring them to appear before the surrogate on August 22, 1876, and render an account of their proceedings as executors, or show cause, etc. The citation appears to have been served on Malcolm McPherson only, and the service on him was made by Walker, as appears by an affidavit made by the latter before the Surrogate, on August 29, 1876. The next step in the proceedings appears to be a writing, signed by the plaintiff and Elizabeth Campbell, the residuary legatee, dated August 22, 1876, waiving the issue and service of a citation to appear before the surrogate to attend the final settlement of the accounts of the executors, and consenting that such settlement "may be had upon such day as the surrogate may fix for that purpose." The surrogate testified, and the referee found that, on August 22, McPherson verified the account that had been previously presented by Walker, as above stated, but I have not been able to find that the case shows how or in what form the verification was made. These are all the papers by which the proceedings were instituted. The surrogate testified that Walker, Malcolm McPherson, the plaintiff, and, some part of the time, the executor of Peter J. McPherson, the deceased executor, appeared before him, but he did not state, nor is it shown, at what time the said parties so appeared together, or that the surrogate fixed a day for the settlement, or that the residuary legatee was notified of a day fixed, or that she attended before the surrogate. There is no proof that the surrogate ever entered or directed any order in the matter, other than the issuing of the citation above stated. He advised the assignment of the Malcolm McPherson bond and mortgage after McPherson refused to pay compound interest, in order that the plaintiff might collect what she could out of it, and, to that extent, relieve

Walker. And Walker paid to the surrogate $1,269 in money, a balance appearing in his hands, according to his account, and of that sum the plaintiff subsequently received $500. Nothing further appears to have been done before the surrogate. This suit was commenced in September, 1878.

We are of the opinion that the referee erred in holding that the pendency of the proceeding before the surrogate was a ground for dismissing the complaint.

1. Another proceeding *pending* was not pleaded as a defense. The executors of Peter J. McPherson did not answer the complaint. Malcolm McPherson answered, but did not set up the proceeding before the surrogate as a bar or otherwise. Walker pleaded it, not as a pending proceeding, but as a settlement and adjustment of the plaintiff's claim—a very different thing—which it certainly was not, and has not been found to be, by the referee. The rule of pleading, so far as relates to the defense of another action pending, is regulated by statute. If the objection appears on the face of the complaint, it is ground of demurrer. (Code of Civ. Proc., § 495, subd. 3.) If it does not so appear, it may be taken by answer. (Id., § 498.) If not taken by demurrer or answer, the defendant is deemed to have waived it. (Id., § 499.) Under the present form of the answers, the objection to the proof of a pending proceeding in the Surrogate's Court was well taken.

2. In the proceeding before the surrogate, that officer had not jurisdiction to grant the relief which the plaintiff seeks in this action. Here, she charges all the executors with breach of duty, and asks for an accounting and final settlement, and the payment of her legacy. Not so, in the proceeding before the surrogate. The citation issued by the surrogate to the executors Walker and Malcolm McPherson, merely required them to render an account. The rendering of an account to the surrogate by an executor or administrator, and the *settlement* of that account, after it has been rendered, are separate and distinct proceedings. ( *Westervelt* v. *Gregg*, 1 Barb. Ch., 469.) When the account was rendered, the proceeding commenced by the citation was terminated. (Id.) It was competent for the executors, on being required to render an account, if they desired to have the same finally settled, to apply for a citation

requiring the creditors, next of kin and legatees to appear before the surrogate to attend the settlement of the account. But that they did not do. McPherson never made such application. The only application to that effect was made by Walker, by his petition, presented several months before the plaintiff petitioned, and, upon Walker's petition, no citation was ever issued. Besides, the petition of Walker did not ask for a citation to be directed to legatees, but only to his co-executor, McPherson, and the next of kin. So that the only proceeding initiated before the surrogate was the rendering of an account. True, the petition of the plaintiff prayed that the executors be required to pay her legacy, as well as to render an account, but, in framing the citation, that portion of the prayer was not granted.

3. Thus far, the case has been considered as if the plaintiff's claim was against the surviving executors alone. But it is against the executors of the deceased executor as well. The complaint charges that the three executors neglected their duty, so long as Peter J. McPherson lived. And his executors are made parties to the action. The citation issued by the surrogate was not directed to them, and they were not parties to the proceeding. There is proof that one of them was present before the surrogate part of the time, but there is no evidence that he participated in the accounting or even knew what was going on. And, if the surrogate had not jurisdiction to cite the personal representatives of the deceased executor to account before him as the representatives of the first testator, for the reason that none of the effects of such testator came to their hands in that character (*Dakin* v. *Demming*, 6 Paige, 95), that circumstance strengthens the appellant's position.

4. The written waiver and consent of the plaintiff and residuary legatee, did not transform the proceeding into one for a settlement of the accounts. That, as has been seen, could only be done on the application of the executors on being required to account. Besides, the consent was that the settlement should be had upon a day fixed by the surrogate, and until a day was fixed and notice thereof given to the consenting parties, the waiver and consent were inoperative.

5. The question is not affected by the circumstance that the plaintiff has received the avails of the foreclosure, and a part of the money paid by Walker to the surrogate. Those moneys are applicable to the reduction of the claim made by her in this action, and if an amendment of the answer is necessary to that end, an application to amend, or to put in a further answer, can be made at a Special Term before the cause comes on for trial. It is apparent from all the evidence that the assignment and payment were not intended as a final settlement of the claim, and the receipt of them by the plaintiff does not stand in the way of her present action.

The judgment should be reversed and a new trial ordered before another referee, costs of the appeal to abide event.

TALCOTT, P. J., and HARDIN, J., concurred.

Ordered accordingly.