NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—December, 1883.

## GLASKIN v. SHEEHY.

*In the matter of the estate of* JOHN S. HOWELL, *de-
ceased.*

Although a contest over an intermediate account filed by a testament-
ary trustee is not expressly authorized by statute, the same may, in
a proper case, be made the subject of objection and inquiry.

But an investigation as to alleged improper disposition, by the trustee,
of the trust property, and failure to appropriate income for the
benefit of a *cestui que trust*, should be deferred until a judicial settle-
ment.

UPON the petition of Isabella R. Glaskin, widow of
decedent, and one of the legatees named in his will,
Edward C. Sheehy, trustee thereunder, filed an inter-
mediate account, to which petitioner filed objections.

MATTHEW DALY, *for trustee.*

GEORGE W. VAN SICLEN, *for objector.*

THE SURROGATE.—The citation issued herein, at
petitioner's instance, required the trustee to file an
intermediate account. Such account has since been
presented to the Surrogate. The petitioner has inter-
posed objections thereto, and claims the right to have
the issues thus raised considered and determined.
Although there is no express provision of law author-
izing, in a proceeding like this, the contest of the inter-

mediate account of a trustee, I think that such an account may be made, in a proper case, the subject of objection and inquiry.

It was held, by my predecessor, that an intermediate account of an executor might, even without express authority of law, be made the subject of investigation for the sake of testing its accuracy (Estate of Scofield, *3 Law Bulletin*, *37;* see, also, Matter of Douglass, *3 Redf.*, *538*). I see no difference in principle between those cases and the case at bar. The objections which are insisted upon by the petitioner are of such a character, however, that they need not now be considered. They do not question that the trustee has accounted for all the assets of the estate, but allege his improper disposition of a part of such assets, and a failure to make a proper appropriation of income for the widow's benefit. Inquiry as to these matters may well be deferred until the judicial settlement of the trustee's account.