NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1883.

BERDELL V. SCHELL.

*In the matter of the estate of* TUNIS VAN BRUNT, *deceased.*

The evident purpose of the Code of Civil Procedure was to enlarge, rather than to restrict, the powers of a temporary administrator of a decedent's estate.

Nevertheless, under Code Civ. Pro., § 2683,—which declares that each provision of chapter 18 thereof, imposing a duty or liability upon such an officer, or conferring upon the Surrogate power or authority with respect to him, applies to a collector appointed before September 1st, 1880, *except so far as repugnant to the laws in force at the time of his appointment,*—a collector appointed in 1868 can only be required to render an intermediate account, and cannot be directed to make any distribution of the assets among creditors of the estate.

ACCOUNTING of Edward Schell, special administrator of the estate of decedent, at the instance of Robert H.

Berdell, an alleged creditor thereof.   The facts appear sufficiently in the opinion.

BURRILL, DAVISON & BURRILL, *for administrator*.

TRACY, OLMSTEAD & TRACY, *for creditor*.

THE SURROGATE.—The special administrator, whose accounts are now under consideration was appointed in December, 1868.

Whether, in the decree settling these accounts, provision may lawfully be made for a complete or partial distribution of this estate depends upon the construction to be given to § 2683 of the Code of Civil Procedure.   That section declares that each provision of chapter eighteen of the Code, imposing a duty or liability upon a temporary administrator, . . . . . or conferring upon the Surrogate power or authority with respect to such temporary administrator, . . applies to a collector or special administrator appointed before the taking effect of such chapter, *except so far as it is repugnant to the provisions of the law in force when the collector or special administrator was appointed, or to the letters issued to him.*

Among the provisions of the law, in force at the time of the appointment of the special administrator of this estate, was § 54 of title 2, chapter 6, part 2 of the Revised Statutes (*3 Banks, 6th ed., 81*).   That section provided as follows: "Upon letters testamentary or of administration being granted, the power and authority of such collector shall cease, . . . . . and such collector shall, on demand, deliver to the executor or administrator all the property and money

of the deceased in his hands, and shall render an account, on oath, to the Surrogate, of all his proceedings, upon being cited for that purpose, or without such citation. Such delivery and account may be enforced by an order of the Surrogate, and by attachment to be issued by him, as in other cases of administration."

If this section were the only law in force when the present accounting party entered upon the duties of his office, its provisions would not justify granting the application of the claimant herein; for they are repugnant to the Code provisions above referred to.

It is claimed, however, that § 7 of chapter 71 of the act of 1864 (see L. 1864, p. 109) empowers the Surrogate to grant the relief which is here asked. That section provides that *at any time* the Surrogate, upon proper application, shall require a special administrator to account for all moneys received by him, and that such proceedings shall be had on such accounting "as are now required by law in cases of accounting by executors and administrators."

But this section must be construed in connection with the provision of the Revised Statutes above referred to; and when so construed, and when it is considered that the accounting for which it makes provision is one that could be insisted upon *at any time*, it seems to me that it was simply designed to afford to persons interested in an estate an opportunity to ascertain the nature and amount of the funds in the hands of a special administrator or collector. In other words, I think that it affords such relief only as might be had upon a like accounting by an executor or adminis-

trator; that is, upon such an accounting as is now styled in the Code "intermediate," procured at the instance of a party interested in the estate, and seeking to ascertain its condition, but not asking the payment of a claim or distributive share or legacy (Westervelt v. Gregg, *1 Barb. Ch.*, *478;* Smith v. Van Kuren, *2 Barb. Ch.*, *473;* Buchan v. Rintoul, *70 N. Y.*, *1;* Campbell v. Bruen, *1 Bradf.*, *224;* Matter of Douglass, *3 Redf.*, *538*).

It is insisted that the power to order distribution is given by chapter 359 of the Laws of 1870. Section 10 of that act declares that the Surrogate shall have power to direct a special administrator to pay debts. Although the letters issued in the present case were granted before the passage of this statute, there can be little doubt, I take it, that its provisions were at all times thereafter, until the Code became operative, applicable to the special administrator of this estate. But the authority which the Code confers upon temporary administrators it expressly withholds from such officers previously appointed, whenever the exercise of such authority is "repugnant to the provisions of the law in force when the collector or special administrator *was appointed*." To ascertain whether there is such repugnancy in the present case, we must look, therefore, to the condition of the law in 1868, and not to its condition in 1870.

This is a situation which the legislature can hardly have intended to bring about; for the evident purpose of the Code provision is to enlarge rather than restrict the powers of temporary administrators, and by the construction which I have indicated the authority,

which this very accounting party might have exercised on the day before the Code went into operation, is utterly taken away. But the language is so plain that it seems to me fairly susceptible of no other interpretation than that which I have put upon it.

I hold, therefore, that the decree to be entered upon this accounting should not direct any distribution of assets among the creditors of the estate.