JAMES BUCHAN et al., executors, etc., Appellants. v. JAMES
RINTOUL, Respondent.

Where, under the provisions of the Revised Statutes (2 R. S., 92, § 52), an
executor, after eighteen months from the time of his appointment, has
been required to render, and has rendered, an account, the surrogate
in examining it may allow, for his information, any person to point out
errors and defects in the account.

Where, therefore, the person upon whose application the order requiring
the account was granted files objections thereto, the surrogate is not
bound to strike out or dismiss them, but, at least, may retain and use
them as the basis of his investigation.

As to whether the person who applied for the order can appear and
contest the account, and as to whether the surrogate may appoint an
auditor to examine the account, *quære*.

Under the act of 1870 (§ 6, chap. 359, Laws of 1870), in relation to pro-
ceedings in the surrogate's court of the county of New York, the surro-
gate of said county may appoint a referee and refer to him an account
rendered as above stated; and the fact that in the order of reference
the referee is termed an auditor, does not vitiate the order. The mis-
nomer is but a matter of form, and the order will be held to operate
to appoint a referee.

(Argued April 24, 1877; decided May 22, 1877.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, affirming an order of
the surrogate of the city and county of New York, denying

a motion, on the part of appellants, to set aside an order of reference, and to dismiss the objections of respondent to the account presented by appellants as executors of the estate of Thomas B. Rich, deceased. (Reported below, 10 Hun, 183.)

The facts appear sufficiently in the opinion.

*Josiah P. Fitch,* for the appellants. It is only upon the final accounting by executors or administrators, that a person will be permitted to appear and acquire a standing before the surrogate to contest the account. (2 R. S., 92, §§ 52, 60–65; *Westervelt* v. *Gregg,* 1 Barb. Ch., 469 ; *Campbell* v. *Bowen,* 1 Bradf., 224.) The appointment of the auditor was without authority. (2 R. S., 94, § 6; 1 Barb. Ch., 469; 1 Bradf., 224.

*John S. Davenport,* for the respondent. The defendant could call the plaintiffs to account. (2 R. S., 92, §§ 52, 63; *Woodruff* v. *Woodruff,* 17 Abb. Pr., 165; *Valentine* v. *Valentine,* 2 Barb. Ch., 439; *Wood* v. *Brown,* 34 N. Y., 337.)

EARL, J. The parties to this appeal are executors of the will of Thomas B. Rich, deceased. They are also trustees under the will for certain purposes therein mentioned, and as such took the residuary personal estate. The appellants took and had the sole management and control of the estate. After the expiration of eighteen months from the time of their appointment as executors, the respondent applied to the surrogate for an order requiring the appellants to render an account of their proceedings, and the order was granted and served. (2 R. S., 92, § 52.) The appellants appeared and filed their account, and the respondent appeared and filed certain objections thereto. The surrogate then made an order appointing an auditor, and referring the account to him for examination, and directing him to proceed with the hearing and auditing of the account with all diligence, and make report of his proceedings and determination to him, the surrogate.

Thereafter the appellants filed certain corrections of their account, and then made a motion to set aside the order of reference to the auditor, and to dismiss the objections of the respondent to the account without hearing them, on the ground that he had no standing in court. The surrogate made an order denying this motion, and from that order the appellants appealed to the General Term of the Supreme Court and from affirmance there to this court.

It is not disputed here that the respondent had the right to require this account to be rendered under the fifty-second section above cited, but the claim is made that he had no right to appear and file objections to the account. At the time the motion to dismiss was made, the respondent had done nothing but to file his objections. There had been no hearing and no contest upon the account. All the surrogate had done was to allow him to point out in writing certain alleged errors and defects in the account. Whether the respondent intended to do more, whether he intended to appear at the hearing and contest the account and introduce evidence in reference thereto, we do not know. If upon any hearing before the surrogate or the auditor he had attempted to do any thing which the appellants claimed he had no right to do, objections then interposed or motions then made would have saved their rights.

Assuming that the appellants are right in their contention that there can be no contest over an account rendered under section 52, and that the same is to be examined by the surrogate alone, there can be no doubt that he may call to his aid any person in making such examination, and he may allow, for his information, any person to point out errors and defects in the accounts. He may avail himself of all sources of information that he may properly examine the vouchers and intelligently examine the executor under oath. The surrogate was not, therefore, bound to strike out or dismiss the objections. He, at least, had the right to retain them and use them as the basis of his investigation and examination.

The only other point made upon this appeal on behalf of

the appellants is, that the surrogate had no right to make the order appointing the auditor and referring the account to him for examination. If it were an original question, I would be inclined to hold that in a proceeding under section 52, the person who applied for the order could appear and contest the account, and that as between him and the executor the account could be settled, and that the surrogate could, under section 64, or independently of that section, appoint an auditor to examine the account; but it seems to have been held otherwise in *Westervelt* v. *Gregg* (1 Barb. Chy., 469), and *Campbell* v. *Bruen* (1 Bradf., 224), and it is not important now to determine whether the decisions in those cases were right or not. By section 6 of chapter 359 of the laws of 1870, an act in reference to proceedings in the surrogate's court of the county of New York, it was provided that, "in any accounting of the said surrogate's court, or in any proceeding therein, the surrogate may appoint a referee to take testimony as to the facts in relation thereto; to examine the accounts rendered to said surrogate; to hear and determine all disputed claims and other matters relating to said accounts and make report thereon subject to the confirmation of the surrogate." It is conceded that under this section the surrogate could in this case have appointed a referee and referred the account to him; but it is claimed, on the part of the appellants, that he did not appoint a referee, but that he appointed an auditor. It is true that in the order of reference the referee is called an auditor; but that is mere matter of form. An auditor in a proper case has no power which a referee has not under this section. So long as the person could not exercise and did not exercise any power which a referee would not possess, no harm could arise from calling him an auditor instead of referee. As the order could not operate to appoint an auditor, it may be held to operate to appoint a referee. If the person appointed discharged the functions of a referee, it matters not that he was styled an auditor. To set aside an order for such a misnomer that could do no harm would be altogether too technical.

The order must be affirmed, with costs.
All concur.
Ordered affirmed.