New York County. — HON. D. C. CALVIN, Surrogate. —
October, 1877.

## MATTER OF RICH.

*In the matter of the estate of* Thomas B. Rich,
*deceased.*

Upon an accounting by an executor before an auditor, one who has a right to appear and has objected to the account, is entitled to be represented by counsel, who may examine the accounting executor concerning the account.

12

AN application having been made by an executor to compel two other co-executors to account, the account was filed, and an auditor appointed after objections to the account had been filed by the petitioner.

One of the co-executors being called as a witness, the petitioner's counsel undertook to examine him. Under the advice of his counsel, he refused to answer, on the ground that the petitioner had no right to appear by counsel, or to contest the account.

The witness's counsel relied upon the following authorities: Westervelt v. Gregg (1 *Barb. Ch.*, 469), Campbell v. Bruen (1 *Bradf.*, 224).

JOHN S. DAVENPORT, *for the petitioner.*

J. P. FITCH, *for legatees.*

THE SURROGATE.—In the first case above cited, a legatee presented a petition stating that no account had been rendered, and praying for an order of the Surrogate requiring the executor to render an account, according to law. The order was made, the executor cited, the account was filed, and on application by the petitioner, who stated that he desired to contest the account, the Surrogate referred the same to an auditor. An appeal was taken from the order appointing an auditor, and the Chancellor reversed the order, upon the ground that it was not founded upon any proper application before the Surrogate for the settlement of the account, or upon any proceeding which required a settlement and adjustment of the accounts as between these parties, but held that the statute authorized the examination of the executors on oath, upon the mere rendering of an account, and that the examination must be before the Surrogate himself.

In the latter case above cited, a creditor prayed for an account and payment of his demand, yet the learned Surrogate discussed, somewhat elaborately, the question of his authority in a case where only an account was prayed for — where the party petitioning had not prayed for payment of his demand — and reaches a conclusion from the statutes, and the case of Westervelt v. Gregg (above cited), that the rendering of the account, and the examination of the executors or administrators, terminate the proceedings.

So far as these cases are analogous to the one under consideration, I feel myself bound by their authority, and yet it is very difficult to see how any practical advantage is to be derived from such an accounting and examination, provided the executor or administrator may be corrupt enough to render an entirely false account, and to verify it in his examination, and it would seem to be a much more rational and practical mode of disposing of such accounts, to enable the parties interested to enquire fully as to their accuracy, falsify and surcharge them, so that a settlement as to the parties before the court might be authoritatively adjudged.

In the case first above cited, it is conceded that, on such an examination as the one under consideration, the Surrogate himself may examine the executor, and while he may not appoint an auditor to hear the examination, I do not understand the Chancellor to intimate that the Surrogate himself shall conduct the examination, and to suggest that the examination may not be conducted in behalf of any party interested, by his counsel; but it seems to me this question is settled by the sixth section of chapter 359 of the Laws of 1870, the Court of Appeals holding that the so-called

auditor may be regarded as a referee under that section. That section provides that in any accounting, or in any other proceeding in this court, the Surrogate may appoint a referee to take testimony as to the facts in relation thereto, to examine the accounts rendered, to hear and determine all disputed claims, and other matters relating to said accounts, and to make a report thereon, subject to the Surrogate's confirmation. Now the referee in this case was appointed in an accounting before this Surrogate, and he is thereby authorized to take testimony as to facts in relation to it, to examine the accounts, and hear and determine all disputed claims, and other matters relating thereto. This, be it remembered, does not limit the enquiry to a case of final accounting, but extends to any enquiry in respect to such account, and it seems to me that, under this section, there can be no reasonable doubt that the executor may be examined before such referee. By section two of the same chapter it is provided that, in proceedings before the Surrogate in this county, all persons or parties having a right to appear therein may appear either in person or by attorney, or counsel of the Supreme Court, and the Court of Appeals in this case has held that the petitioner herein is entitled to appear before this court, for the purpose of these proceedings, and obviously before this referee, and having the right to appear, an authority to appear by attorney is clearly given by the latter section.

I am of the opinion that the examination should proceed, and that the attorney for the petitioner has the right to appear, and conduct the examination of the executors.