NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—March, 1886.

MEAD v. WILLOUGHBY.

*In the matter of the estate of* MARY WILLOUGHBY,
*deceased.*

Where one of two executors presents his account for judicial settlement,
as permitted by Code Civ. Pro., § 2729, his associate, who is required
by that section to be cited to attend the settlement, is entitled to file
objections, under the provision of § 2730, that "any party may con-
test the account with respect to a matter affecting his interest in the
settlement and distribution of the estate." But attorneys claiming to
be creditors, in respect of services rendered to the executors, have no
such standing.

MOTION by Mary L. Willoughby, executrix of de-
cedent's will, for the dismissal of objections to her
account, filed by Garret I. Mead, executor thereof.

CANTNOR & SELDNER, *for executor.*

GEO. F. LANGBEIN, *for executrix.*

THE SURROGATE.—The will of this testatrix was
admitted to probate in April, 1884. It appointed
Mary L. Willoughby its executrix and Garret I. Mead
its executor. Both were subsequently granted letters
testamentary. In December last, the executrix filed
her account. Objections were interposed thereto by
Mr. Mead, and by Cantnor & Seldner, who claim to be
creditors of the estate, by reason of legal services
rendered to its executors. The issues raised by the

account and the objections thereto are still pending before a referee.  It is now .claimed by the executrix that the executor is not a creditor of the estate, and has no beneficial interest therein, and that his objections to her account should therefore be dismissed.

This contention is unsound.  By § 2729 of the Code of Civil Procedure, the executrix was bound to cite the executor to attend her accounting.  Section 2730 provides that, upon the return of a citation in such a proceeding, the Surrogate must hear the allegations and proofs of *the parties* respecting the same.  The section further declares that "any party may contest the account with respect to a matter affecting his interest in the settlement and distribution of the estate."  This section has taken the place of the following provision, which was on the statute book at the time of the enactment of the Code : "Any creditors, legatees or other persons interested in the estate of the deceased as next of kin, or otherwise, may attend the settlement of such account and contest the same" (R. S., part 2, ch. 6, tit. 3, § 63 ; 3 Banks, 6th ed., 102).  It was held by my predecessor that, within the meaning of that provision, an executor had a right to appear and be represented by counsel in presenting his objections to his co-executor's account (Matter of Rich, 3 *Redf.*, 177). This decision was approved on appeal by the Supreme court in Buchan v. Rintoul (10 *Hun,* 183 ; affi'd 70 *N. Y.*, 1).  DAVIS, P. J., pronouncing the opinion of the court, said that the executor, whose right to dispute the accounting of his co-executor was there brought in question, did not occupy the mere naked

relation of executor, as the residuary estate was expressly bequeathed to him in trust; but the learned Justice did not intimate that the claim of the objector would not have been sustained, even in case he had been executor pure and simple. On the contrary, so far as any intimation is given upon that subject, the court seems to favor the position that is here taken by counsel for executor Mead.

The Code provisions above cited were enacted in the light of these decisions, and clearly contemplate, I think, that an executor is a person interested in the entire estate, its proper management, the payment of its just debts, the collection of its assets and the distribution thereof among persons entitled thereto. The motion to dismiss the objections filed by Mr. Mead is denied. On their own showing, Cantnor & Seldner are not creditors of the estate (Ferrin v. Myrick, 41 *N. Y.*, 315; Mygatt v. Wilcox, 45 *id.*, 306). Their objections must, therefore, be dismissed.