*In re* DE RUSSY'S WILL.

*(Supreme Court, General Term, First Department. April 17, 1891.)*

ACCOUNTING BY EXECUTORS—REFERENCE.

The surrogate cannot, of his own motion, direct the examination of the intermediate accounts of an executor by a referee, the only object of such accounts being to ascertain the condition of the estate, and not to determine the propriety or validity of the executor's transactions.

Appeal from surrogate's court, New York county.

Petition by Thomas W. Parkin, executor of Emily L. De Russy, deceased, that an order of reference to examine the account of said executor be vacated. The executor appeals from an order denying the petition.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*Henry Brace,* (*Edward C. James,* of counsel,) for appellant. *Abram Kling,* for respondent.

DANIELS, J. The account affected by the order was filed by the executor pursuant to an order of the surrogate, made under subdivision 4 of section 2723 of the Code of Civil Procedure. That empowered the surrogate, by an order, to require an intermediate account to be rendered, when 18 months have elapsed since the letters were issued, and no special proceedings were pending for a judicial settlement of the accounts of the executor; and the facts in this case brought it within this provision of the Code. The executor, in compliance with the order of the surrogate, filed his account in detail, commencing with the 3d of May, 1881, and ending on the last day of December, 1889. It was verified by the oath of the executor, and stated the receipts and expenditures of the executor, showing a balance in his hands amounting to the sum of $954.64. No objection to its correctness was made by any one, and no person was cited, or ordered to appear, either to examine or secure its settlement. But the surrogate, at his own instance, directed its examination by a referee; and the appeal depends upon the question whether he was vested with that authority. It was no part of the proceeding, as that has been authorized, to investigate or settle the account, and no parties were before the surrogate to be affected in any manner by its examination; and, if it should be made, it would be attended with no effect whatever, and would conclude no one; but it would be a wholly useless proceeding, which the Code has not provided for. The object of the account is to disclose "the acts of the person accounting, and the condition of the estate or fund in his hands, and not made the subject of a judicial settlement." Subdivision 9, § 2514, Code Civil Proc. The last clause of the subdivision discloses the fact that it is no part of the accounting to obtain a settlement of the account; for it is only where a proceeding for the settlement is not pending that the intermediate account may be ordered. And the condition of the estate is expected to appear from the account itself. That is its object, and when the account is placed on file that object has been accomplished; and it can be made no more effectual by an examination and report upon the account by a referee. The executor is bound to file a complete account, and when that has been done all the information has been obtained which the law has intended by this proceeding to secure. It is to create a record of the condition of the estate, and, when that has been made, the power conferred has been executed. The case is not within section 2546 of the Code, which expressly provides for a reference to examine an account rendered; for that power has been delegated to be used in a special proceeding, and that proceeding is to be commenced in the surrogate's court by a citation, when not otherwise specially prescribed by law. There is no special provision designating the order for the intermediate account to be such a special proceeding; and as no citation could be issued to obtain the account, but it was to be secured by an order alone, it follows that

the order for and the rendition of the account cannot be held to be a special proceeding, within its definition, as that has been given by this section.    The account may be consolidated with an account filed on the petition of a creditor, next of kin, or other party in interest; and when not so consolidated, may be contested by any party in interest.    Code, § 2730.    But no provision exists for a contest on the part of the surrogate.    The case differs entirely from *Buchan* v. *Rintoul*, 70 N. Y. 1, which included an account rendered on the application of a party interested in obtaining and investigating it; and the act under which the examination, through the intervention of a reference, then took place, has since been repealed.    It is a significant omission that no authority has been provided for the examination of an intermediate account of an executor or administrator by means of a reference, while that has been specially provided for in the annual accounts of general guardians, (Code, § 2844,) and which by section 2341 has been made applicable to the accounts of committees of lunatics and other persons of unsound mind.    The express creation of the power for these other cases indicates the existence of the intention that, without specifically creating it, the power would not exist; and that it does not exist over an intermediate account obtained under an order, as this account was, is the clear effect of the provisions relating to that class of accounts.    The parties in interest may contest or investigate the account; but until they shall be brought in or otherwise appear the power vested in the surrogate will be exhausted by obtaining and filing a proper account.    The object of the law will then be attained, and that is to show by the account the condition of the estate.    The order should be reversed, and the order directing the reference vacated.

Van Brunt, P. J., concurs in result.    Lawrence, J., concurs.