In the Matter of the Application for a Compulsory Accounting in the Estate of JACOB APPELL, Deceased.

AMANDA APPELL EVANS, Formerly AMANDA APPELL, as Executrix and Trustee, Appellant; ALBERT J. APPELL, as Executor and Trustee of the Last Will and Testament of Said Deceased, Respondent.

First Department, July 1, 1921.

**Executors and administrators — order of reference for examination of intermediate account inadvertently granted — objections to intermediate account premature — stay of proceedings under order of reference and prior orders in interest of estate.**

An order of reference providing for the examination of an intermediate account of an executrix and trustee was inadvertently granted as no authority has been provided for such an examination. The filing of objections to the intermediate account was premature.

Since considerable testimony has been taken by the referee it will be in the interest of the estate to maintain the *status quo* and stay all further proceedings under the order of reference as well as proceedings under prior orders from which appeals are pending.

APPEAL by Amanda Appell Evans, as executrix and trustee, from an order and decree of the Surrogate's Court of the county of New York, entered in the office of the clerk of said court on the 17th day of February, 1921, denying the motion made by said executrix and trustee for a stay of proceedings under an order of reference directed by the court and to strike out objections made to an intermediate account filed by her pursuant to an order of the court.

*Benjamin E. Messler* of counsel [*Gustav Lange, Jr.*, attorney], for the appellant.

*Charles A. Flammer*, for the respondent.

GREENBAUM, J.:

It seems to us that the order of reference was inadvertently granted by the learned surrogate. Section 2768, subdivision 8, of the Code of Civil Procedure defines a " judicial settlement " as follows: " The expression, ' judicial settlement,' where it is applied to an account, signifies a decree of a Surrogate's

Court, whereby the account is made conclusive upon the parties to the special proceeding, either for all purposes, or for certain purposes specified in the statute; and an account thus made conclusive is said to be 'judicially settled.'" The same section, subdivision 9, defines "intermediate account" as follows: "The expression, 'intermediate account,' denotes an account filed in the surrogate's office, for the purpose of disclosing the acts of the person accounting, and the condition of the estate or fund in his hands, and not made the subject of a judicial settlement."

In *Matter of De Russy's Will* (14 N. Y. Supp. 177; affd., 128 N. Y. 619) a former General Term of this department said: " It is a significant omission that no authority has been provided for the examination of an intermediate account of an executor or administrator by means of a reference."

The filing of objections to the intermediate account was premature as was also the appointment of the referee.

Inasmuch, however, as it appears that considerable testimony has been taken by the referee touching the objections filed, we are of the opinion that it will be a saving of expense and in the interest of the estate to maintain the *status quo*, but to stay all further proceedings under the order of reference as well as all proceedings under the orders heretofore made by the Surrogates' Court, from which three appeals are now pending in this court until the determination of said appeals.

An order will be entered in accordance with the foregoing views.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order modified as directed in opinion and as so modified affirmed. Settle order on notice.